Robert S. Rapp (7428)
Kyle W. Grimshaw (9436)
MADSON & AUSTIN, P.C.
15 West South Temple, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 537-1700


Attorneys for Defendant/Counterclaimant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAMMERTON, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HEISTERMAN, as an individual and dba KAHM DESIGN<br><br>Defendant. | MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS OR, IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE<br><br>Civil No.  2:06-CV-00806 PGC<br><br>Judge Paul G. Cassell<br><br>Magistrate Judge Samuel Alba |

Defendant ("Kahm Design") hereby submits this memorandum in support of its Motion to Compel Plaintiff ("Hammerton") to respond to the outstanding discovery requests.

**ARGUMENTS**

Discovery for the present case is ongoing, and in fact, the September deadline for the close of discovery is fast approaching.  Accordingly, Kahm Design needs Hammerton to respond to the outstanding discovery requests so that Kahm Design will have the information necessary to depose Hammerton on these issues.[1]

---

[1] Hammerton complains about the impeding discovery deadline and seeks an extension, but has done almost nothing to comply with its own discovery obligations.

Hammerton has not sufficiently responded to many of Kahm Design's discovery requests and should be ordered to respond to all requests. Hammerton's failure to respond is particularly troubling in view of its incessant demands for all kinds of discovery (which, in order to move the case forward and to conserve costs, Kahm Design has complied with). Kahm Design has produced over 3500 documents, and Hammerton has produced barely 600 documents, although many documents have been requested.[2] In response to almost every one of Kahm Design's document requests, Hammerton indicated that it would produce relevant documents upon entry of a suitable protective order. Virtually none of these documents have been produced and discovery will close shortly.

At times, Hammerton has indicated that they will produce some of this information, but has not done so or has failed to make full disclosure and seems to vacillate between an intent to produce an intent not to produce. Its representations that it will now produce this information ring hollow and carry no weight. Depositions are fast approaching and Kahm Design needs the information as quickly as possible.

To minimize the length of this motion, Kahm Design has identified only a few key areas of interest. There are, however, many discovery requests that Hammerton has not adequately responded to.

A.     **Information about Mountain Moose "Prior Art" And Other "Prior Art"**

Kahm Design has also requested information regarding products advertised and sold by "Mountain Moose," which constitute "prior art" to the asserted patents. *See* Doc. Request Nos. 12-17, 30, 33, and 65 (Exhibit 1).[3] Mountain Moose is a predecessor and assumed business name of Hammerton.

---

[2] One hundred and seventy pages of the documents produced by Hammerton constitute an agreement which was marked as Attorneys' Eyes Only by Hammerton and is only marginally relevant, *i.e.*, probably only one page has much, if any, bearing on this case.

[3] Mountain Moose was a business entity associated with Levi Wilson, who is listed as an inventor of the asserted patents and is (according to Hammerton's Initial Disclosures) a "principal" of Hammerton.

Even without the assistance of Hammerton, Kahm Design has identified a 1997 "Mountain Moose" catalog that creates serious questions about the scope and validity of the asserted patents. Clearly, the prior art documents of Mountain Moose, which could limit or invalidate the scope of the asserted patents, are indisputably relevant to the scope of the asserted patents. Yet, despite this unquestioned relevancy, Hammerton apparently is withholding this information on grounds that Kahm Design's request

> is overbroad, burdensome, and seeks irrelevant information. As indicated in its response, Hammerton's pine cone design prior to 1998 is different from the one which was patented. Likewise, you have already moved for summary judgment on the design patent claims.

Email from Hammerton counsel, p. 3 (which is attached hereto as Exhibit 3).[4,5]

Kahm Design has also requested other prior art documents which have not been produced. Hammerton has justified its refusal to produce on grounds that these prior art "documents are just as available to Kahm as they are to Hammerton. If Kahm wants them, then it can get them itself." Exhibit 3, p. 2.

These objections are clearly improper. Hammerton does not have the right to withhold documents based upon its unilateral belief that the prior art is "different." The differences between the prior art and the asserted patent is a question reserved for the trier of fact, not Hammerton. The purpose of discovery is to put the facts and information in the hands of both parties so that the case may move forward. Similarly, the fact that these documents may be publicly available is not a sufficient grounds for withholding

---

[4] As explained in Kahm Design's previously submitted Motion for Summary Judgment of Non-Infringement, Hammerton's asserted design patents are extremely narrow in scope. If the asserted patents have the broad scope claimed by Hammerton, then such patents are clearly invalid in view of the "Mountain Moose" prior art catalog. Notwithstanding the apparent disagreement over the scope of the patents, this is a discovery issue. Thus, Kahm Design is clearly entitled to explore this theory and receive information from Hammerton on this matter.

[5] Hammerton's assertion that Kahm Design has already moved for summary judgment on the design patents is also no basis for withholding production. Even if this motion is granted (as Kahm Design clearly believes that it should be), the issue of whether the patents are valid and enforceable in light of the prior art is a separate issue and may remain in the case, even after the infringement claim has been assessed. Further, information regarding the prior art and the alleged unenforceability of Hammerton's patents are relevant to Kahm Design's claim for attorneys' fees under 35 U.S.C. § 285. Accordingly, even if summary judgment is granted, this information must still be produced by Hammerton.

production, particularly where Hammerton's knowledge of the prior art is at issue. If Hammerton has these documents, it should produce them.

Accordingly, Hammerton must be ordered to produce the following information:

- all "prior art" pine cone designs (including Hammerton or "Mountain Moose" designs) available prior to October 13, 1998 (including sales of product); and
- any other documents related to the asserted patents.

### B.  Agreements with Hammerton Employees/Independent Contractors

Kahm Design has requested information regarding current and former employees and independent contractors retained by Hammerton. *See* Interrogatory No. 17 and Document Request Nos. 26, 28, and 63 (Exhibit 1). More specifically, these requests seek correspondence, agreements, and other documents related to these individuals. Hammerton has not produced this information.

The employees and the related documents may also reveal information regarding Hammerton's recently added claim for trade secret misappropriation. One of the elements of this trade secret claim involves Hammerton's implicit assertion that the information was indeed "secret" and maintained in confidence by Hammerton's employees and independent contractors. Also, agreements with these individuals, or a lack thereof, are relevant to the secrecy issue. Accordingly, Hammerton's independent contractors and employees and related documents are clearly germane to this case.

Recently, Hammerton produced a list of its employees. However, documents regarding Hammerton's independent contractors have been omitted. Also, documents such as agreements, correspondence, etc. with such parties are similarly being withheld. Hammerton has objected to production of this information as being "overbroad, unduly burdensome, seek[ing] confidential business information, and/or [being] information unlikely to lead to the discovery of admissible evidence." *See* Hammerton's Answer to Interrogatory No. 17 (Exhibit 1). This response is clearly improper and baseless, given

the highly relevant nature of this information. Accordingly, Hammerton should be required to produce this information immediately.

**C.      Hammerton's Sales and Marketing Information**

Kahm Design has requested documents regarding Hammerton's sales including price quotes, invoices, contracts, offers for sales, bids, advertising, advertising expenditures, etc. *See e.g.*, Exhibits 1-2, Doc. Requests Nos. 32, 39, 40, 41, 57, and 75-76; Interrogatories Nos. 3, 4, 11, 12, 14, and 19.  These documents are unquestionably relevant to Hammerton's preposterous allegation that nearly all of its 600 products have secondary meaning.  ("Secondary meaning" signifies that a trade dress has become associated with a particular vendor in the minds of consumers based on sales, advertising, and other promotional activities.)  This information is also germane to assess Hammerton's assertion of lost profits and sales.[6]

Hammerton apparently recognizes that the sales information is relevant and promises to produce "relevant sales information" for the Hammerton "products at issue," *i.e.*, for allegedly infringed trade dresses.  Exhibit 3, p. 1.  In fact, Hammerton has produced some sales data, but this sales data has not been broken down according to each individual product as required.[7]  Accordingly, Hammerton's produced sales data is woefully inadequate and proper sales data, broken down for each particular product, must be provided.  Hammerton has also not produced the requested invoices, sales contracts, advertising, shipping receipts, etc. or other documents germane to the sale of its products.

---

[6] This information is also relevant to Kahm Design's claim that Hammerton has acted in bad faith in bringing this litigation.  It appears that Hammerton has brought these claims with no analysis as to whether it possesses any trade dress rights.  Instead, it appears that Hammerton has presumed that it has trade dress rights without any analysis, looked for Kahm Design products that it believes are similar to Hammerton's products, and then asserted infringement.  Reviewing all sales and advertising data will help reveal whether Hammerton has failed to analyze its own purported rights, which would indicate bad faith litigation crafted to impose an undue burden and expense on Kahm Design.

[7] In discussing the discovery issues, Hammerton indicated that it would produce "specific sales data when Kahm does."  *See* Exhibit 5.  Kahm Design has complied with this request and has produced such broken down, specific sales data.  Accordingly, Kahm Design expected Hammerton to provide similar data, pursuant to Hammerton's representations.  However, to date, Hammerton has refused to do so.

Moreover, contrary to Hammerton's assertion, <u>all</u> of Hammerton's sales are relevant to this case. Hammerton has claimed that it has lost profits/sales based on the alleged infringement. Kahm Design must be permitted to examine all of Hammerton's sales to determine whether alleged lost profits and sales are due to market forces, economic downturns, distribution or manufacturing problems at Hammerton, competition from third parties, an inability to retain customers, employee discontent or departures, or seasonal variations, not the purported infringement. Accordingly, <u>all</u> of Hammerton's sales and promotional documents are clearly relevant, and must be produced.[8, 9]

**D.     Hammerton's Trade Dress**

Hammerton has promised Kahm Design that, upon review of the "Single Representative Only" documents, Hammerton would fully respond to Interrogatory No. 1, which requests that Hammerton "identify all products in which [it] claim[s] trade dress rights that [it] allege[s] have been infringed by Kahm Design." Hammerton recently provided Kahm Design a list of Kahm Design products which purportedly infringe. However, the corresponding indication of Hammerton products that embody the allegedly infringed trade dress is noticeably absent. Hammerton cannot be allowed to

---

[8] As noted above, this sales information includes both the financial information regarding the sale (price, delivery, quantity, etc.) but, even more importantly, the promotional materials associated with the sale, such as ads, invoices, bids, etc.

[9] In the "meet and confer" regarding this discovery dispute held on June 14, 2007, Hammerton's counsel stated that it would check with its client regarding production of the sales and financial data. This data was clearly identified as "all sales, profits, and financial data, irrespective of whether the information directly relates to a product in which Hammerton asserts trade dress rights." *See* Exhibit 4 (which is an email confirmation that summarizes the parties' telephonic discussion that Hammerton's counsel acknowledged as being a "fair characterization of [the] conversation."). Hammerton's counsel indicated that it would produce the "financial information," but that there was an issue about how far back the produced information would go (*i.e.*, Kahm Design wanted information dating back to the year 2000, but Hammerton's counsel was unsure whether Hammerton's records would go back that far). *See id.* Hammerton's production of documents since that date has been woefully inadequate, providing Kahm Design with limited financial information. Moreover, with respect to the sales information, Hammerton is apparently to produce such information, and has asserted (in a June 22, 2007 email) that "[o]nce we can identify the products at issue… Hammerton can produce relevant sales information for those specific products." Exhibit 3, p. 1. Hammerton's refusal to produce this sales data is unjustified and is simply a delay tactic. It should produce all of the information to Kahm Design so that the parties can prepare for depositions.

introduce additional delay in this suit by playing games. Hammerton knew it should have produced this information because it did so with respect to the publicly available designs. (*See* Exhibit 6.) Hammerton must thus be ordered to produce the list of its products that are at issue in its trade dress claim.

**E.     Hammerton Must Respond Or Have Its Evidence Excluded.**

As can be seen by the attached Exhibits, Hammerton has been promising to produce the relevant information for months. There is no excuse for Hammerton's delay, as the relevant protective order has been in place since April. Kahm Design needs the relevant information prior to depositions (which are all scheduled to take place before the close of discovery) so that it can depose Hammerton on these issues. Currently, there are additional discovery requests issued to Hammerton that relate to Hammerton's recently added cause of action for trade secret misappropriation. These responses are due August 22, 2007 (which only gives Kahm Design about one week to review them prior to the Rule 30(b)(6) deposition of Hammerton). As a matter of fairness, Hammerton must be ordered to respond to all discovery by that date so that Kahm Design can question Hammerton at the relevant depositions. If Hammerton fails to meet this deadline, any evidence produced by Hammerton after these depositions have taken place should, as a matter of fairness, be excluded.

## CONCLUSION

For the reasons set forth above, Hammerton must be compelled to respond to the above-reference interrogatories and document requests by August 22, 2007 or have its evidence excluded.

             Respectfully submitted,

Date:  August 3, 2007      /s/ Robert S. Rapp
             Robert S. Rapp (7428)
             Kyle W. Grimshaw (9436)
             **MADSON & AUSTIN, P.C.**
             15 West South Temple, Suite 900
             Salt Lake City, Utah 84101
             Telephone: (801) 537-1700