IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAMMERTON, INC., a Utah corporation,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br>ROBERT HEISTERMAN, individually and dba KAHM DESIGN, and KAHM INDUSTRIES, LLC, a Utah limited liability company,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:06-CV-806 TS |

This matter is before the Court on the following motions: (1) Defendants' Motion to Allow Disclosure of Attorneys' Eyes Only Information to David Holbrook and Robert Heisterman (the "Disclosure Motion"); (2) Defendants' Motion in Limine to Exclude the July 26, 2007 List or For Other Sanctions (the "Motion in Limine"); (3) Plaintiff's Motion to Dismiss Remaining Claim, to Strike Scheduled Jury Trial, and to Deny Defendants' Attorney's Fee Request (the "Motion to Dismiss"); (4) Defendants' Expedited Motion to Strike, to Seal, and for Sanctions (the "Settlement Conference Motion"); (5) Defendants' Expedited Motion to Strike (the "Motion to Strike"); (6) Defendants' Consolidated Motion for Reconsideration of Relinquished Trade Secret Claims (the "Motion to Reconsider"); and (7) Defendants' Motion Under Rule 54(d) for Attorneys' Fees (the "Fee Motion").

Having heard argument from the parties and thoroughly reviewed their submissions, the Court will grant the Settlement Conference Motion and the Motion to Dismiss, and deny the Fee Motion and the Motion to Reconsider.  The Disclosure Motion, the Motion in Limine, and the Motion to Strike will be denied as moot.

## I. PROCEDURAL HISTORY

In its Amended Complaint, Plaintiff alleged four causes of action against Defendants: (1) unfair competition under the Lanham Act; (2) unfair competition under Utah common law; (3) trade secret misappropriation; and (4) design patent infringement.  The Court granted summary judgment to Defendants on Plaintiff's claims for unfair competition and design patent infringement.  Plaintiff initially asserted a number of claims for trade secret misappropriation, but withdrew all but one of them in the briefing of Defendants' summary judgment motions.  The Court denied summary judgment on Plaintiff's remaining trade secret claim—misappropriation of its July 2006 customer list (the "Remaining Trade Secret Claim").  Plaintiff now desires to dismiss its Remaining Trade Secret Claim with prejudice, seeking to avoid a fruitless trial.  A five-day jury trail was previously set to begin on August 18, 2008.

In their answer to the Amended Complaint, Defendants asserted the following "counterclaims": (1) declaratory judgment—patent invalidity/unenforceability; (2) declaratory judgment—non-infringement of patents; (3) attorney fees under 35 U.S.C. § 285; (4) attorney fees under 28 U.S.C. § 1927 or 15 U.S.C. § 1117; (5) declaratory judgment—no acts of trade dress infringement/unfair competition; (6) declaratory judgment—alternative decree of noninfringement or limitation on damages under 35 U.S.C. § 287; (7) declaratory judgment—no misappropriation of trade secrets; (8) declaratory judgment—statute of limitations bars claim of trade secret misappropriation; and (9) attorney fees under Utah Code Annotated § 13-24-5.

Based on the Court's prior summary judgment rulings, and the voluntary dismissal with prejudice of Plaintiffs' trade secret claims, counterclaims 1, 2, 5, 6, 7, and 8 are moot and will be dismissed as such.  This leaves only Defendants' counterclaims for attorney fees.

In its Motion to Dismiss, Plaintiff asks the Court to enter an order dismissing its Remaining Trade Secret Claim with prejudice in order to avoid the effort and expense of taking a "relatively minor claim" to trial.[1]  Plaintiff also asks the Court to deny Defendants' claims for attorney fees.  Defendants initially responded to Plaintiff's Motion to Dismiss by filing the Motion to Strike.  In the Motion to Strike, Defendants characterized Plaintiff's Motion to Dismiss as a motion for summary judgment on Defendants' fee claims filed long after the deadline for dispositive motions.  Accordingly, Defendants argued that the Motion to Dismiss should be stricken to the extent it relates to their attorney fees claims and that Defendants not be required to respond.  However, the parties have since stipulated that Defendants' claims for attorney fees will be resolved by motion, rendering the Motion to Strike moot.  Defendants have also separately filed the Fee Motion, formally moving the Court for an award of attorney fees.

Additionally, Defendants filed the Settlement Conference Motion, asking the Court to strike the portions of Plaintiff's Memorandum in Support of the Motion to Dismiss that refer to statements made by the parties in the settlement conference conducted on June 12, 2008, to seal Plaintiff's Memorandum, and to enter sanctions against Plaintiff.  Pursuant to Plaintiff's stipulation, the Court granted Defendants' request that the Memorandum containing the settlement conference reference be sealed.

---

[1]Docket No. 243, at 5.

In connection with the Motion to Dismiss, Defendants filed the Motion to Reconsider, asking the Court to reconsider its decision denying Defendants' Motion for Summary Judgment Re Claims of Trade Secret Misappropriation.  Specifically, Defendants ask the Court to modify its Memorandum Decision and Order on Defendants' Motions for Summary Judgment[2] with respect to the trade secret claims withdrawn by Plaintiff.

Finally, Defendants filed the Disclosure Motion and the Motion in Limine previous to Plaintiff's voluntary dismissal of its Remaining Trade Secret Claim.  In the Disclosure Motion, Defendants seek the Court's permission to allow Defendant Heisterman and Mr. Holbrook to review Plaintiff's July 2006 customer list, which is subject to the Protective Order entered by the Court on April 23, 2007, in order to prepare for trial.  In the Motion in Limine, Defendants ask the Court to exclude Plaintiff's July 2006 customer list based on Federal Rule of Civil Procedure 37(c), claiming that its disclosure was untimely.  In light of Plaintiff's voluntary dismissal with prejudice of its Remaining Trade Secret Claim, both the Disclosure Motion and the Motion in Limine are now moot.

In summary, the Motion to Dismiss, the Fee Motion, the Motion to Reconsider, and the Settlement Conference Motion are all properly before the Court and are ripe for decision.  The Motion to Strike, the Disclosure Motion, and the Motion in Limine are moot.

## II.  DISCUSSION

The pending motions are grouped as follows for purposes of analysis: (1) Settlement Discussions; (2) Trade Secret Claims; and (3) Attorney Fees.

---

[2]Docket No. 228.

*A.  Settlement Discussions*

In the Settlement Conference Motion, Defendants ask the Court to strike the portions of Plaintiff's Memorandum in Support of the Motion to Dismiss that refer to statements made by the parties in the settlement conference conducted on June 12, 2008, and to enter sanctions against Plaintiff.

In Magistrate Judge Warner's Order for Settlement Conference, the parties were instructed that "[n]o report of proceedings, including any statement made by a party, attorney, or other participants, in the settlement conference may be reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission unless otherwise discoverable.[3]  This accords with DUCivR 16-3, which provides that "no oral or written communication made during the settlement conference may be used in the trial of the case or for *any* other purpose."[4]

In accord with Magistrate Judge Warner's Order and the Rules of this Court, the Court will grant the Settlement Conference Motion, striking all references to discussions at the June 12, 2008 settlement conference in Plaintiff's memorandum.  However, the Court sees no need to grant sanctions at this point and will deny the Settlement Conference Motion in that respect.

*B.  Trade Secret Claims*

In its Motion to Dismiss, Plaintiff asks the Court to dismiss its Remaining Trade Secret Claim with prejudice pursuant to Federal Rule of Civil Procedure 41.  Defendants have stipulated

---

[3]Docket No. 231.

[4]DUCivR 16-3(d) (emphasis added).

5

to this dismissal.  Accordingly, the Court will grant the Motion to Dismiss to the extent it seeks

dismissal of Plaintiff's Remaining Trade Secret Claim.

As noted above, Plaintiff has asserted a number of trade secret claims throughout the

course of this case.  In the briefing on Defendants' Motion for Summary Judgment Re Claims of

Trade Secret Misappropriation, Plaintiff withdrew all of its trade secret claims, except the

Remaining Trade Secret Claim.  In its summary judgment decision, the Court ruled only on

Plaintiff's Remaining Trade Secret Claim, denying summary judgment thereon.  In their Motion

for Reconsideration, Defendants seek clarification on the status of the withdrawn trade secret

claims, asking the Court to either enter summary judgment in their favor or dismiss them with

prejudice.

Having already announced its intention to dismiss the withdrawn claims with prejudice at

the summary judgment hearing, there is no need to reconsider the summary judgment decision.

Rather, the Court will order that all of Plaintiff's trade secret claims, including Plaintiff's

Remaining Trade Secret Claim, be dismissed with prejudice.  Accordingly, the Court will deny

the Motion for Reconsideration.

*C.  Attorney fees*

Pursuant to Federal Rule of Civil Procedure 54(d)(2), "A claim for attorney's fees and

related nontaxable expenses must be made by motion unless the substantive law requires those

fees to be proved at trial as an element of damages."  Defendants seek attorney fees for each of

the claims asserted by Plaintiff in this case: unfair competition, patent infringement, and trade

secret misappropriation.

1.  Unfair Competition Claims

The Lanham Act authorizes an award of "reasonable attorney fees to the prevailing party" in "exceptional cases."[5]  The prevailing party is not entitled to attorney fees by virtue of its victory alone.[6]  Even where a case is "exceptional," whether to award attorney fees "is vested in the discretion of the district court."[7]

In deciding whether a case is "exceptional," the Court looks "to both the objective strength of a plaintiff's Lanham Act claim and the plaintiff's subjective motivations."[8]  "An infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of foundation, (2) the plaintiff's bad faith in bringing the suit; (3) the unusually vexatious and oppressive manner in which it is prosecuted; or (4) perhaps for other reasons as well."[9]  No one of these factors is determinative.[10]  Although proof of bad faith is not necessarily required, the prevailing defendant must show that the plaintiff "acted in an 'exceptional' manner, rather than merely in a wrong manner, before attorney fees can be awarded."[11]

---

[5]15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  Defendants have abandoned their claim for fees under 28 U.S.C. § 1927.

[6]*Nat'l Ass'n of Prof'l Baseball Leagues v. Very Minor Leagues*, 223 F.3d 1143, 1146 (10th Cir. 2000).

[7]*Id.*

[8]*King v. PA Consulting Group, Inc.*, 485 F.3d 577, 592 (10th Cir. 2007).

[9]*Very Minor Leagues*, 223 F.3d at 1147.

[10]*Id.*

[11]*Id.* at 1149.

There is some question as to the burden of proof on a request for attorney fees under the Lanham Act. Plaintiff contends Defendants must prove that the case is exceptional by clear and convincing evidence. The Tenth Circuit cases elucidating the standards above do not address the proper level of proof required. However, in the recent case of *Icon Health & Fitness, Inc. v. Nautilus Group, Inc.*,[12] this Court employed the clear and convincing standard to claims for attorney fees under both the Lanham Act and the Patent Act.[13] This makes sense as it is well established that claims for attorney fees under the Patent Act, which likewise provides for attorney fee awards in "exceptional cases," must be proven by clear and convincing evidence.[14] Following this persuasive opinion, the Court will apply the clear and convincing standard to Defendants' request for attorney fees under § 1117(a).

In this case, Defendants contend that the exceptionality requirement is met because Plaintiff's unfair competition claims were baseless, Plaintiff filed the unfair competition claims in bad faith in an attempt to put Defendants out of business, and because Plaintiff engaged in litigation misconduct by withholding requested discovery and making late disclosures.

a. Findings of Fact

After obtaining information that Defendants were intentionally copying Plaintiff's products directly from Plaintiff's catalog, that a number of former employees—who had signed confidentiality agreements with Plaintiff—were building Defendants' products, and that Plaintiff's former sales representative—who had recently received a copy of Plaintiff's customer

---

[12]*Order & Memorandum Decision*, Docket No. 528, Case No. 1:02-CV-109 TC (D. Utah Mar. 23, 2006).

[13]*Id.* at 12-13.

[14]*See Forest Labs. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2004).

8

list—was working for Defendants, Plaintiff's president (Mr. Shott) filed this case in an attempt to

protect Plaintiff's intellectual property rights.  In its Lanham Act claims, Plaintiff asserted that

Defendants engaged in unfair competition by intentionally copying a number of its products that

embodied protectable trade dress.  The case proceeded through discovery and Defendants moved

for summary judgment.  In responding to Defendants' summary judgment motion, Plaintiff

offered evidence in support of its unfair competition claims, including newspaper and magazine

articles about Plaintiff and its products, advertisements of Plaintiff's products, evidence of

Defendants' alleged intentional copying of Plaintiff's products, Plaintiff's catalogs dating back to

1996, and sales data regarding Plaintiff's products.  Additionally, Plaintiff offered evidence of

actual confusion between Plaintiff's and Defendants' products.  Ultimately, the Court granted

summary judgment to Defendants on Plaintiff's unfair competition claims after determining that

Plaintiff had not adequately defined its alleged trade dress and, therefore, was not entitled to

protection under the Lanham Act.

b.  Conclusions of Law

Considering the factors outlined above, the Court finds Defendants have not proven by

clear and convincing evidence that Plaintiff's unfair competition case was exceptional.  Based on

the evidence submitted by Plaintiff at the summary judgment stage, Plaintiff's claims were not

entirely baseless.  This is particularly illustrated by evidence that Defendants routinely built

products right out of Plaintiff's catalogs.  Clearly, Plaintiff was dilatory in defining and

disclosing its trade dress claims, leading to their ultimate disposition as thoroughly explained in

the Court's summary judgment rulings.  However, based on the record before it, the Court

concludes that this was not a result of bad faith in bringing the suit or of intentional misconduct

in its prosecution.  Defendants contend that Mr. Shott brought this suit in an attempt to put them

out of business, citing statements allegedly made to Plaintiff's employees and a sales representative.  The Court finds that this heavily contested evidence does not show that Plaintiff brought this suit in bad faith.  Rather, as noted above, the Court finds that Mr. Shott filed this suit in an attempt to protect Plaintiff's intellectual property rights.  Additionally, as is true in many cases, a number of discovery disputes arose during the course of this litigation and multiple late disclosures were made by both Plaintiff and Defendants.  Indeed, neither side prosecuted this case with the due care expected of counsel.  But, this is not enough for the Court to find prosecution of the case in an unusually vexatious or oppressive manner by Plaintiff. Accordingly, the Court will deny the Fee Motion with respect to the unfair competition claims.

2.  Patent Infringement Claims

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[15]  Whether to award attorney fees under this provision involves a two-step inquiry: (1) the Court must first determine "whether the prevailing party has proved by clear and convincing evidence that the case is 'exceptional';[16] and (2) whether, in an "exceptional" case, an award of attorney fees is appropriate.[17]

Exceptional cases are those that involve "inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or

---

[15]35 U.S.C. § 285.

[16]*Forest Labs*, 339 F.3d at 1327 (internal citations omitted).

[17]*Id.* at 1328.

willful infringement."[18]  A suit for patent infringement is frivolous where the patentee "knew or, on reasonable investigation, should have known [the suit] was baseless."[19]

According to the Federal Circuit, awards of attorney fees under the Patent Act are "limited to circumstances in which it is necessary to prevent 'a gross injustice' to the accused infringer."[20]  Thus, the Court may arrive at a finding of exceptionality where the defendant is the prevailing party only where "the patentee has procured its patent in bad faith . . . or has litigated its claim of infringement in bad faith."[21]

If the case is found to be exceptional, the Court may consider a number of factors in determining whether to award attorney fees, including "the closeness of the case, the tactics of counsel, the conduct of the parties, and other facts."[22]

In this case, Defendants contend that the exceptionality requirement is met because Plaintiff's patent infringement claims were frivolous, Plaintiff failed to timely withdraw its infringement claim on the Half Pine Cone Patent, and Plaintiff engaged in litigation misconduct.

a.  Findings of Fact

On September 12, 2000, Plaintiff obtained two design patents, United States Patent Des. 430,818 (the "Pine Cone Patent") and United States Patent Des. 430,819 (the "Half Pine Cone

---

[18]*Id.* at 1329 (internal quotation marks omitted).

[19]*Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273-74 (Fed. Cir. 2004) (quoting *Haynes Int'l Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993)) (internal quotation marks omitted).

[20]*Forest Labs*, 339 F.3d at 1329 (quoting *Mach Corp. of Am. v. Fullfiber AB*, 774 F.2d 467, 472 (Fed. Cir. 1985)).

[21]*Id.*

[22]*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (10th Cir. 1986).

Patent").  The drawings associated with these design patents depict a single pine cone on a stand.

In the case of the Half Pine Cone Patent, the pine cone contains petals on only the front half of

the stem.  After obtaining information that Defendants were copying Plaintiff's products directly

of its catalog, Mr. Shott brought this case to enforce Plaintiff's intellectual property rights.  In its

Patent Act claims, Plaintiff contended that Defendants infringed its design patents by including

pine cones in Defendants' light fixture products.  Defendants moved for summary judgment on

Plaintiff's patent infringement claim some three months before the discovery deadline.  Plaintiff

conceded that it lacked any evidence of infringement of the Half Pine Cone Patent.  Plaintiff

argued for a construction of the Pine Cone Patent that excluded the stand on which the pine cone

was placed.  From this, Plaintiff argued that the pine cones incorporated into Defendants' light

fixtures infringed the Pine Cone Patent.  The Court construed the Pine Cone Patent to include the

stand and held that the appearance of the Pine Cone Patent must be compared to the entire

product into which Defendants incorporated a pine cone feature.  Accordingly, the Court granted

summary judgment to Defendants, finding that no ordinary observer could confuse the products

sold by Defendants with the single pine cone statue depicted in the Pine Cone Patent.

### b.  Conclusions of Law

The Court finds that Defendants have failed to prove by clear and convincing evidence

that Plaintiff's claims for design patent infringement were exceptional.  Plaintiff's litigation

position with regard to the construction and infringement inquiries had an arguable basis in fact

and law.  Therefore, the Court concludes that Plaintiff's design patent claims were not frivolous.

Additionally, Defendants' contention that Plaintiff did not timely relinquish its patent

infringement claim with regard to the Half Pine Cone Patent is overstated.  Defendants moved

for summary judgment three months before the discovery deadline.  Plaintiff could not have been

expected to withdraw its claim before the close of discovery.  Finally, any litigation misconduct alleged by Defendants was unrelated to Plaintiff's patent infringement claims.  Therefore, the Court will deny the Fee Motion with respect to Plaintiff's claims for design patent infringement.

      3.  Trade Secret Claims

Under the Utah Uniform Trade Secrets Act, "[i]f a claim of misappropriation is made in bad faith . . . the court *may* award reasonable attorneys' fees to the prevailing party."[23]  Awarding attorney fees under this statute is within the equitable discretion of the Court.[24]

The term "bad faith" is not defined in the Utah Uniform Trade Secrets Act, nor by the Supreme Court of Utah.  Thus, the Court must predict how the Supreme Court of Utah would define "bad faith."[25]  Defendants ask the Court adopt a standard that equates bad faith with the filing of a baseless claim.  However, this position does not accord with the majority of courts interpreting the attorney fees provision of the Uniform Trade Secrets Act in other states, which require something more than an objectively frivolous claim.  These courts generally require proof of subjective misconduct.[26]  This accords with Utah's provision for attorney fees in civil actions

---

[23]Utah Code Ann. § 13-24-5 (emphasis added).

[24]*Russo v. Ballard Medical Prods.*, 2007 WL 752164, at *2 (D. Utah Mar. 7, 2007) (citing *Saunders v. Sharp*, 840 P.2d 796, 809 (Utah Ct. App. 1992)).

[25]*Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002) ("When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule.").

[26]*See Fas Techs, LTD. v. Dainippon Screen Mfg., Co*, 2001 WL 1159776, at *2 (N.D. Cal. Sep. 21, 2001) ("[C]ourts have universally interpreted [bad faith under the Uniform Trade Secrets Act] to require a finding (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct."); *Computer Econ., Inc. v. Gartner Group, Inc.*, 1999 WL 33178020, at *5 (S.D. Cal. Dec. 14, 1999) (requiring objective proof of frivolousness and subjective misconduct); *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts*, 222 F. Supp. 2d 733, 744 (D. Md. 2002) (same); *Russo v. Baxter Healthcare*

where the losing party's action "was without merit *and* . . . it was brought or asserted in bad faith," clearly requiring more than just objective frivolousness.[27]

The Court will employ the following, widely adopted, requirements for finding bad faith: "(1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct."[28]  "Objective misconduct exists where there is a compete lack of evidence supporting Plaintiff's claims."[29]  "Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit."[30] Subjective misconduct may be proven by direct evidence of actual knowledge or may be "inferred from the speciousness of plaintiff's trade secret claim and its conduct during litigation."[31]

Defendants argue that the trade secret claims withdrawn by Plaintiff during the briefing of Defendants' summary judgment motions were brought without any meaningful support and that this satisfies the bad faith requirement.

### a.  Findings of Fact

Plaintiff brought its trade secret misappropriation claims based, in part, on the departure of its sales representative—who had just received a copy of Plaintiff's customer list and shortly

---

*Corp.*, 51 F. Supp. 2d 70, 76-77 (D.R.I. 1999) (requiring proof of subjective bad faith).

[27]*Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 559 (Utah 2005) (internal quotation marks omitted).

[28]*Fas Techs*, 2001 WL 1159776, at *2.

[29]*Contract Materials Processing*, 222 F. Supp.2d at 744.

[30]*Id.*

[31]*Id.*

thereafter began to represent Defendants—and on information that some of its former employees, who were subject to confidentiality agreements, were building Defendants' competing products. Likewise, shortly before filing this case, Mr. Shott discovered that Defendants were copying Plaintiff's products directly out of its catalog. In its Amended Complaint, Plaintiff asserted that Defendants violated its trade secret rights in its confidential manufacturing processes, its customer information, pricing, as well as its distributing and marketing information. Defendants moved for summary judgment on each of Plaintiff's trade secret claims. In response, Plaintiff withdrew all of its trade secret claims except for the Remaining Trade Secret Claim, which survived summary judgment. In so doing, Plaintiff acknowledged "that its confidential manufacturing methods claim appears to be barred by the applicable statute of limitations, and that there is insufficient evidence that [Defendants are] using its confidential marketing or pricing information."[32]

b.  Conclusions of Law

The Court will deny the Fee Motion with respect to the withdrawn trade secret claims because Defendants have not proven subjective misconduct. Discovery in this case revealed that Plaintiff's trade secret claims in its manufacturing processes, pricing, distribution, and marketing information could not withstand summary judgment. Accordingly, Plaintiff withdrew these claims and the Court has dismissed them with prejudice. Indeed, Plaintiff has not presented any evidentiary basis for the withdrawn claims, either in the summary judgment briefing or in the briefing on Defendants' claim for attorney fees. Therefore, the Court must find that the withdrawn claims were objectively without merit.

---

[32]Docket No. 144, at 2.

However, Defendants have not offered sufficient evidence of subjective misconduct to warrant a finding of bad faith.  Clearly, Plaintiff took a broad approach in pleading and responding to discovery on its trade secret misappropriation claims, several of which might have been ferreted out with a thorough pre-litigation investigation.  However, the Court cannot ignore the Remaining Trade Secret Claim, as Defendants would have it do.  This claim was clearly not baseless, as demonstrated by the Court's finding triable issues of fact thereon at the summary judgment stage.  That Plaintiff broadly framed the trade secret claims surrounding the Remaining Trade Secret Claim does not equate to a finding of subjective misconduct—even though the withdrawn claims were eventually dropped.  Moreover, when the deficiencies in the withdrawn claims were pointed out in Defendants' summary judgment motion, Plaintiff withdrew them.  Based on this background, the Court finds that there is not sufficient evidence of subjective misconduct to justify a finding of bad faith and, therefore, will deny the Fee Motion with regard to the withdrawn trade secret claims.

Finally, even if Defendants had shown bad faith, the Court exercises its equitable discretion to deny Defendants' attorney fee request.  As detailed above, Plaintiff filed this case upon obtaining information that Defendants were copying Plaintiff's product designs and employing Plaintiff's former employees and a former sales representative who were privy to information about Plaintiff's business.  Moreover, the Court has found an absence of litigation misconduct.  The Court declines to award attorney fees under these circumstances.

### III.  CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that the Defendants' Expedited Motion to Strike, to Seal, and for Sanctions [Docket No. 244] is GRANTED IN PART AND DENIED IN PART as set forth above.  It is further

ORDERED that Plaintiff's Motion to Dismiss Remaining Claim, to Strike Scheduled Jury Trial, and To Deny [Defendants'] Attorney's Fee Request [Docket No. 242] is GRANTED and that all of Plaintiff's trade secret claims are dismissed with prejudice.  It is further

ORDERED that Defendants' Motion Under Rule 54(d) for Attorneys' Fees [Docket No. 268] is DENIED.  It is further

ORDERED that Defendants' Consolidated Motion for Reconsideration of Relinquished Trade Secret Claims [Docket No. 258] is DENIED.  It is further

ORDERED that Defendants's Motion to Allow Disclosure of Attorneys' Eyes Only Information to David Holbrook and Robert Heisterman [Docket No. 236], Defendants Motion in Limine to Exclude the July 26, 2007 List and for Other Sanctions [Docket No. 240], Defendants' Expedited Motion to Strike [Docket No. 246], and Plaintiff's Motion to Strike Defendants' Reply Memorandum Re Motion Under Rule 54(d) for Attorney's Fees [Docket No. 288] are DENIED AS MOOT.  It is further

ORDERED that Defendants' counterclaims are DISMISSED.  It is further

ORDERED that the Clerk of the Court close this case forthwith.

DATED August 25, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

17